IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., § <br> AS BROADCAST LICENSEE OF § <br> THE SEPTEMBER 18, 2008 200: § <br> CELEBRATE AND DOMINATE: § <br> MOSLEY/MORA CHAMPIONSHIP § <br> FIGHT PROGRAM, § <br> § <br> **Plaintiff,** § <br> § <br> v.                                                      § <br> § <br> CONCEPCION MOLINAR, § <br> INDIVIDUALLY AND D/B/A SAN § <br> CARLOS BAKERY & MEXICAN § <br> FOOD, D/B/A SAN CARLOS § <br> BAKERY AND MEXICAN FOOD, § <br> D/B/A SAN CARLOS BAKERY/BAR, § <br> D/B/A SAN CARLOS, D/B/A MAKI § <br> SUSHI BAR, D/B/A MAKI § <br> JAPANESE FOOD & SUSHI BAR, § <br> D/B/A MAKI JAPANESE, D/B/A § <br> NAKI JAPANESE, § <br> § <br> **Defendant**. § | | EP-13-CV-301-KC |

**ORDER**

On this day, the Court considered Plaintiff's Motion for Final Default Judgment & Brief in Support (the "Motion"), ECF No. 10, filed in the above-captioned case (the "Case"). The Court, having considered the Motion, the record, and applicable law, **GRANTS** the Motion in part.

**I.     BACKGROUND**

Plaintiff filed the Case on September 16, 2013. *See* Compl., ECF No. 1. In the Complaint, Plaintiff alleges that it is the entity "exclusively authorized to sub-license the closed-circuit

1

telecast of the September 18, 20[10][1] '200: Celebrate and Dominate': Mosley/Mora Championship Fight Program" (the "Event") "at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Texas." Compl. ¶ 5. Consequently, a commercial establishment may only exhibit the Event if the establishment enters into a contractual relationship with Plaintiff. *Id.* ¶ 6.

Defendant is the proprietor of two commercial establishments: San Carlos Bakery & Mexican Food ("San Carlos"), and Maki Japanese Food and Sushi Bar ("Maki"). *See id.* ¶ 2. Plaintiff alleges that, on September 18, 2010, Defendant "willfully intercepted and/or received the interstate communication of the Event" and allowed her customers to illegally view the Event. *Id.* ¶¶ 11-15. Plaintiff further alleges that the broadcast of the Event was electronically coded, or "scrambled," such that Defendant had to decode the telecast with electronic decoding equipment to allow her customers to view the Event. *Id.* ¶ 8.

Based on these allegations, Plaintiff asserts that Defendant violated the Federal Communications Act ("FCA"), 47 U.S.C. §§ 553 and 605, by unlawfully and willfully intercepting and publishing the telecast of the Event on September 18, 2010. *See id.* ¶¶ 3, 16-17. Plaintiff accordingly moves for damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) and (ii), an award of attorneys' fees pursuant to 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii), and other relief. Mot. ¶¶ 5-19.

The Court issued a summons against Defendant on September 18, 2013. ECF No. 4. Plaintiff moved the Court to authorize substitute service on Defendant on December 27, 2013. ECF No. 5. The Court granted Plaintiff's motion to substitute service, ECF No. 6, and the

---

[1] The "2008" date in this paragraph of the Complaint is a typographical error; the evidence suggests that the Event actually occurred on this date in 2010. *See* Mot. Ex. A-1, at 1; Mot. Ex. A-3.

summons was returned executed on February 25, 2014. ECF No. 7. Defendant did not answer or otherwise respond to the complaint by the deadline of March 12, 2014. *See id.* at 1. Plaintiff moved the Clerk to enter a default against Defendant on March 20, 2014. ECF No. 8. Plaintiff filed the Motion on the same day. *See* Mot. The Clerk entered a default against Defendant pursuant to Federal Rule of Civil Procedure 55(a)(1) on March 21, 2014. ECF No. 11.

## II.   DISCUSSION

### A.   Standard

Federal Rule of Civil Procedure 55 provides that the clerk of the court shall enter a default against a party if that party fails to plead or otherwise defend, and the movant demonstrates that failure by affidavit or otherwise. *Joe Hand Promotions, Inc. v. On the Rocks Bar & Grill, LLC*, No. EP–11–CV–554–KC, 2012 WL 3129137, at *1 (W.D. Tex. July 30, 2012) ("*On the Rocks*") (citing Fed. R. Civ. P. 55(a)). "After the clerk enters default, a party may move for a default judgment." *Id.* (citing Fed. R. Civ. P. 55; *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)). "A court enters default judgment only if there is 'a sufficient basis in the pleading for the judgment entered.'" *Id.* (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact" and "is concluded on those facts by the judgment." *Nishimatsu Constr. Co.*, 515 F.2d at 1206 (citations omitted). "When reviewing a motion for default judgment, a court takes the plaintiff's well-pleaded factual allegations as true, but not damages." *On the Rocks*, 2012 WL 3129137, at *2 (citing *United States ex rel. M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) ("*Shipco*")).

"Rule 55(b) gives a court discretion to convene an evidentiary hearing on the issue of

damages." *Id*. (citing Fed. R. Civ. P. 55(b)(2)(B)). "Generally, a court should hold an evidentiary hearing to ascertain the amount of damages." *Id*. (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). "However, a hearing is not necessary if 'the amount claimed is a liquidated sum or one capable of mathematical calculation.'" *Id*. (quoting *United Artists Corp. n*, 605 F.2d at 857).

### B.    The FCA

47 U.S.C. § 605 prohibits those not authorized by the sender from "intercept[ing] any radio communication and divulg[ing] or publish[ing] the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). The FCA affords a private right of action to "[a]ny person aggrieved by any violation of" 47 U.S.C. § 605(a). 47 U.S.C. § 605(e)(3)(A). "To state a claim for a § 605 violation, a plaintiff must allege the defendant 'intercepted or otherwise unlawfully appropriated [the plaintiff's] transmission.'" *On the Rocks*, 2012 WL 3129137, at *2 (quoting *DIRECTV Inc. v. Robson*, 420 F.3d 532, 537 (5th Cir. 2005)).

"In a § 605 claim, Plaintiffs may elect to collect as damages either their actual damages or statutory damages ranging from $1,000 to $10,000." *Id*. (citing 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II)). "If the party elects statutory damages, the court uses its discretion to determine the specific amount of statutory damages." *Id*. (citing 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II)). "The court also has discretion to increase the party's damages award by up to $100,000 per violation if the court 'finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain.'" *Id*. (citing 47 U.S.C. § 605(e)(3)(C)(ii)). "Additionally, § 605 allows aggrieved parties who prevail in a private claim under § 605 to recover their full costs, including reasonable attorneys' fees." *Id*. (citing 47 U.S.C. §

605(e)(3)(B)(iii)).

### C. Plaintiff's Requested Damages

Defendant's failure to plead or otherwise defend constitutes a default, and the Clerk has entered a default against Defendant accordingly. *See* Fed. R. Civ. P. 55(a). This default serves as an admission of the facts in the Complaint, and those facts are sufficient to establish a violation of the FCA. *See* Compl. ¶¶ 1-17; *Nishimatsu Constr. Co.*, 515 F.2d at 1206 (citations omitted). The only remaining question is what level of damages is appropriate. *See Shipco*, 814 F.2d at 1014; *Nishimatsu Constr. Co.*, 515 F.2d at 1206.

As a threshold matter, the Court concludes that it need not hold a hearing to determine damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) and (ii) because damages and attorneys' fees and costs are readily calculable from Plaintiff's affidavits. *See On the Rocks*, 2012 WL 3129137, at *2 (citing *United Artists Corp.*, 605 F.2d at 857).

The Court first calculates Plaintiff's statutory compensatory damages under § 605(e)(3)(C)(i)(II). As is the Court's usual practice, the Court determines these damages by trebling the amount it would have cost Defendant to lawfully show Plaintiff's broadcast to her patrons. *See id.* at *3 (citing *Joe Hand Promotions, Inc. v. Garcia*, 546 F. Supp. 2d 383, 386 (W.D. Tex. 2008) ("*Garcia*")). The affidavits and exhibits submitted by Plaintiff indicate that establishments pay an event-licensing fee based on the capacity of the establishment. Mot. Ex. A ¶ 7; Mot. Ex. A-3. Plaintiff has submitted evidence that Maki seats approximately sixty people, while San Carlos's capacity is approximately 125. *See* Mot. Ex. A-2. A venue that seats between zero and 100 people must pay a licensing rate of $1,600.00 to broadcast the Event, and a venue that seats between 101 and 200 people must pay a licensing rate of $2,000.00. *See* Mot. Ex. A-3. Thus, it would cost Defendant $3,600.00 to display the Event at both Maki and San Carlos. *See*

*id*. Trebling this amount results in $10,800.00 of damages. Because this value exceeds the $10,000 Plaintiff requests under 47 U.S.C. § 605(e)(3)(C)(i)(II),[2] *see* Mot. ¶¶ 5, 11, the Court awards Plaintiff $10,000 in statutory compensatory damages.

As to Plaintiff's request for statutory punitive damages under 47 U.S.C. § 605(e)(3)(C)(ii), Plaintiff's evidence establishes that it is unlikely Defendant accidentally or innocently intercepted the telecast of the Event, because Defendant could not have inadvertently unscrambled the transmission. *See* Mot. Ex. A ¶ 10; *On the Rocks*, 2012 WL 3129137, at *3 (citing *Garcia*, 546 F. Supp. 2d at 385). The Court therefore concludes that Defendant intended to intercept and display the transmission of the Event, particularly given that Defendant has admitted Plaintiff's willfulness allegations by default. *See* Compl. ¶¶ 8, 11-12; *On the Rocks*, 2012 WL 3129137, at *3 (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206).

Plaintiff's evidence also supports its allegations that Defendant intercepted the transmission for her direct or indirect commercial advantage. Plaintiff's evidence indicates that Maki and San Carlos sold food and/or beverages during the Event, which demonstrates that Defendant benefited economically from her actions. *See* Mot. Ex. A ¶ 11; *On the Rocks*, 2012 WL 3129137, at *3. Defendant also displayed the event on a total of five televisions – three at Maki and two at San Carlos – which further suggests that Defendant used the event to entertain her customers. *See* Mot. Ex. A-2; *On the Rocks*, 2012 WL 3129137, at *3.

---

[2] Whether a $10,800 statutory compensatory award would also exceed 47 U.S.C. § 605(e)(3)(C)(i)(II)'s $10,000 statutory limit depends on whether showing the Event at both Maki and San Carlos constitutes two separate violations of the FCA or only a single act of infringement. *See* 47 U.S.C. § 605(e)(3)(C)(i)(II) (providing that an aggrieved party may recover "a sum of not less than $1,000 or more than $10,000" "*for each violation*" of § 605(a) (emphasis added)). The answer would also depend on whether the additional $800 could be considered a statutory punitive award under 47 U.S.C. § 605(e)(3)(C)(ii) given the Court's finding of willfulness. The Court need not resolve these questions, as Plaintiff requests only $10,000 under 47 U.S.C. § 605(e)(3)(C)(i)(II), *see* Mot. 12, and, as the Court explains below, the Court deems a statutory punitive damage award of $10,000 under 47 U.S.C. § 605(e)(3)(C)(ii) sufficient in the Case.

Thus, the Court concludes that Defendant intercepted and displayed the broadcast of the Event "willfully and for purposes of direct or indirect commercial advantage or private financial gain." *See* 47 U.S.C. § 605(e)(3)(C)(ii); *On the Rocks*, 2012 WL 3129137, at *3. However, as this Court has ruled in previous cases, the Court concludes that $10,000.00, rather than the $50,000.00 Plaintiff requests, is sufficient to deter and punish Defendant for her willful conduct without driving Defendant out of business. *See On the Rocks*, 2012 WL 3129137, at *3 (citing *Garcia*, 546 F. Supp. 2d at 386).

### D. Plaintiff's Requested Fees, Costs, and Post-Judgment Interest

Plaintiff also requests attorneys' fees. *See* Mot. ¶ 19. 47 U.S.C. § 605(e)(3)(B)(iii) provides that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails" under the FCA. Granting attorneys' fees is therefore "mandatory." *On the Rocks*, 2012 WL 3129137, at *4 (citing 47 U.S.C. § 605(e)(3)(B)(iii); *J & J Sports Prod., Inc. v. Cotorra Cocina Mexicana & Bar LLC*, No 3:10-CV-597-CWR-LRA, 2012 WL 1098446, at *4 (S.D. Miss. Mar. 30, 2012); *Garcia*, 546 F. Supp. 2d at 386).

As is this Court's custom, the Court calculates the fee award using the attorney's hourly rate, instead of granting attorneys' fees equal to one-third of the statutory damage award as Plaintiff requests, because the latter award would be excessive. *See id*. at *4; Mot. Ex. B ¶¶ 5-7. Plaintiff avers that its attorneys worked or will work on the Case for six hours at an hourly rate of $250.00. *See* Mot. Ex. B ¶ 8. The Court accordingly awards Plaintiff $1,500.00 in attorneys' fees. *See On the Rocks*, 2012 WL 3129137, at *4. Although the Court declines to grant Plaintiff a contingent award of attorneys' fees for as-yet-uncurred post-judgment and appellate services at this time, Plaintiff is free to request such an award when and if it incurs any such fees. *See* Mot.

Ex. B ¶ 10 (listing fees for post-judgment and appellate services); ECF No. 10-2, at 2-3 (Plaintiff's proposed final judgment); *On the Rocks*, 2012 WL 3129137, at *4 (citing *Kingvision Pay–Per–View, Ltd. v. Guerrero*, No. 3:08–CV–1970–G (BF), 2009 WL 1973285, at *5 (N.D. Tex. July 7, 2009); *Nat'l Satellite Sports, Inc. v. Garcia*, No. Civ. A 301–CV–1799D, 2003 WL 21448375, at *3 (N.D. Tex. June 18, 2003)).

The Court also awards Plaintiff its full costs. *See On the Rocks*, 2012 WL 3129137, at *2 (citing 47 U.S.C. § 605(e)(3)(B)(iii)). The Court also awards post-judgment interest, which shall be "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Such interest shall be computed and compounded as provided in 28 U.S.C. § 1961(b).

### E.     Plaintiff's Request for Injunctive Relief

Plaintiff also requests that the Court "enjoin[] Defendant from ever intercepting or exhibiting an unauthorized program in violation of the" FCA. *See* ECF No. 10-2 ¶ 6 (proposed final judgment); *accord* Mot. 12. 47 U.S.C. § 605(e)(3)(B)(i) permits a court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of" the FCA. 47 U.S.C. § 605(e)(3)(B)(i). *Accord J & J Sports Prods., Inc. v. El 33, LLC*, No. EP–11–CV–519–KC, 2013 WL 164521, at *6 (W.D. Tex. Jan. 14, 2013) ("*El 33*"). "An injunction, however, is an 'extraordinary remedy' that should only be granted if Plaintiff suffered an irreparable injury and the legal remedies available are inadequate." *El 33*, 2013 WL 164521, at *6 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312-13 (1982)). "An irreparable injury is defined as one for which an injured party cannot be compensated by monetary damages." *Id.* (citing *Molex, Inc. v. Nolan*, 759 F.2d 474, 477 (5th Cir. 1985)).

This and other courts generally deny injunctive relief under 47 U.S.C. § 605(e)(3)(B)(i) in cases like this one on the ground that the plaintiff has "failed to affirmatively demonstrate a need for this extraordinary remedy." *Id.* (citing *J & J Sports Prods. Inc. v. Delfino Martinez*, No. 3:11-CV-457, at *11 (W.D. Tex. July 2, 2012) ("*Delfino Martinez*"); *J & J Sports Prods. Inc. v. Lopez*, No. 05–CV–5799, 2006 WL 2355851, at * 5 (E.D.N.Y. June 8, 2006), *adopted by* No. 05–CV–5799, 2006 WL 2375494 (E.D.N.Y. Aug.14, 2006)). The Motion does not affirmatively demonstrate that the statutory and enhanced damages awarded by the Court are insufficient to fully compensate Plaintiff and deter Defendant from further violations. *See* Mot. 1-12; *El 33*, 2013 WL 164521, at *6 (citing *FDIC v. Faulker*, 991 F.2d 262, 265 (5th Cir. 1993); *Delfino Martinez*, No. 3:11-CV-457, at *11). Moreover, because "the only function of th[e requested] injunction would be to prevent Defendant[] from engaging in further illegal activity," the injunction would "be redundant with the FCA's existing prohibitions," and "[t]here is no need to order an entirely redundant remedy of this kind." *El 33*, 2013 WL 164521, at *7 (citing *Delfino Martinez*, No. 3:11-CV-457, at *11-12). The Court accordingly declines to grant Plaintiff a permanent injunction. *See id.* at *6-7.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Motion, ECF No. 10, in part. Defendant shall pay Plaintiff:

(1) $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); plus

(2) $10,000 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); plus

(3) $1,500 in reasonable attorneys' fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii),

for a total of $21,500, plus costs. Defendant **SHALL** pay post-judgment interest, to be calculated and compounded pursuant to 28 U.S.C. § 1961, until paid in full.

**IT IS FURTHER ORDERED** that Plaintiff's initial motion for default judgment, ECF No. 9, is hereby **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk shall close the Case.

**SO ORDERED**.

**SIGNED this 1st  day of April, 2014.**

*/s/ Kathleen Cardone*
_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE